T.C. Summary Opinion 2001-33

UNITED STATES TAX COURT

JOHN WALTER HODDER AND SHEILA LARAINE HODDER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3514-99S.                    Filed March 20, 2001.

John Walter Hodder, pro se.

<u>Charles J. Graves</u>, for respondent.

DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioners' Federal income tax of $600 for the taxable year 1995.

The issue for decision is whether petitioners are entitled to a deduction for contributions made to individual retirement accounts (IRA's) in 1995.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioners resided in Topeka, Kansas, on the date the petition was filed in this case.

Petitioner husband (petitioner), was employed by La Siesta Foods, Inc. (Siesta), during 1995. At that time, Siesta maintained for its employees a profit-sharing plan. Approximately $442 was contributed by Siesta to a plan account in petitioner's name during 1995. After Siesta was acquired by Reser's Fine Foods, Inc. (Reser's) in 1996, the plan was terminated and its participants became fully vested. Petitioner subsequently rolled the $442 over into an IRA account.

On their joint Federal income tax return for taxable year 1995, petitioners claimed deductions totaling $4,000 for contributions to IRA's. The adjusted gross income reported on the return was $61,652, reflecting the deductions claimed for the IRA contributions. In the only adjustment made in the statutory notice of deficiency, respondent disallowed the IRA contribution deductions in their entirety.

In general, a taxpayer is entitled to deduct the amount of his contribution to an IRA. See sec. 219(a). The deduction in any taxable year generally is limited to $2,000. See sec. 219(b)(1)(A). The amount of the deduction is further limited where the taxpayer or his spouse is, for any part of the taxable year, an "active participant" under certain pension plans. See sec. 219(g). In such a case, for married taxpayers who file a joint return, the deduction allowable with respect to either spouse is reduced to zero where the taxpayers' adjusted gross income (as modified by section 219(g)(3)(A)) equals or is greater than $50,000. See id. Petitioners' modified adjusted gross income in 1995, as reflected on their return, exceeded $50,000. Thus, if petitioner was an active participant in 1995, petitioners are not entitled to deduct contributions made to IRA's.

An active participant is defined by the statute to include an individual who is an active participant in a plan described in section 401(a). See sec. 219(g)(5)(A)(i). Elaborating upon this circular definition, the regulations provide that an individual is an active participant in a profit-sharing plan if, during the taxable year, (1) a forfeiture is allocated to his account, (2) an employer contribution is added to his account, or (3) a mandatory or voluntary contribution is made by the individual to his account. See sec. 1.219-2(d)(1) and (e), Income Tax Regs. An individual's status as an active participant in a plan is not

altered by the fact that the individual's rights under the plan are forfeitable.  See sec. 219(g)(5).

It is undisputed that an employer contribution was added to a profit-sharing plan account in petitioner's name during 1995.[1] Petitioner argued at trial that he was not an active participant because, according to his testimony, he entered into a verbal agreement removing himself from participation in the written plan when he commenced employment with Siesta; consequently, the contribution made to his account was made in error.  We need not address this argument because we do not accept petitioner's testimony.

First, and most importantly, petitioner's testimony is directly contradicted by a letter dated November 25, 1997, which he sent to the Internal Revenue Service.  In that letter he stated:  "The plan in question was not voluntary; I had no choice in taking part in it.  If I had, I would have declined the benefit."  Second, the individual who purportedly entered into the verbal agreement with petitioner--the then president of Siesta--did not testify at trial and according to petitioner does not remember entering into such an agreement.  Finally, the rationale petitioner provided for desiring to contract out of the plan was not convincing; viz, that the nature of his job made vesting in the plan unlikely.

---

[1]Nothing in the record indicates this plan was not a profit-sharing plan described in sec. 401(a).

Because an employer contribution was added to his account in 1995, petitioner was an active participant in Siesta's profit-sharing plan in that year. See sec. 1.219-2(d)(1), Income Tax Regs.

Petitioners also argue that "the law is not fair", that "the law was designed to allow taxpayers to maximize their retirement savings", and that a negative result in this case would "minimize the incentive to save". This Court is not the proper place for these arguments. We must apply the law as it is written; it is up to Congress to address questions of fairness and to make improvements to the law. See Metzger Trust v. Commissioner, 76 T.C. 42, 59-60 (1981), affd. 693 F.2d 459 (5th Cir. 1982).

Because petitioner was an active participant in a qualified retirement plan in 1995, petitioners are precluded by section 219(g) from deducting contributions to IRA's made during that year.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered

for respondent.